**EXCEL MINING, LLC, Petitioner**

v.

**DEPARTMENT OF LABOR, et al., Respondents.**

Nos. 12–1138, 12–1308.

United States Court of Appeals, District of Columbia Circuit.

March 15, 2013.

Noelle Holladay True, Rajkovich, Williams, Kilpatrick & True, PLLC, Lexington, KY, for Petitioner.

Cheryl C. Blair–Kijewski, Esquire, U.S. Department of Labor, W. Christian Schumann, Esquire, Mine Safety & Health Administration, Arlington, VA, John Thomas Sullivan, Mine Safety and Health Review Commission, Washington, DC, for Respondent.

Before: HENDERSON and GRIFFITH, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### JUDGMENT

These petitions for review were considered on the record from the Federal Mine Safety and Health Review Commission (the Commission) and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review in Case No. 12–1138 is denied and the petition for review in Case No. 12–1308 is dismissed.

Mine Safety and Health Administration (MSHA) regulations require mine operators to develop and follow an approved roof control plan to protect workers from hazardous conditions. 30 C.F.R. § 75.220. In July 2008, MSHA inspectors cited Excel Mining, LLC, for violations of its roof control plan and proposed a penalty.

Inspectors rely on 30 C.F.R. § 100.3 to calculate penalties. Section 100.3(a)(2) provides that inspectors shall add up "penalty points" for six criteria and convert them to a dollar amount set out in § 100.3(g). One of the six criteria is negligence, and § 100.3(d) includes a table with penalty points corresponding to five levels of negligence: no negligence, low negligence, moderate negligence, high negligence, and reckless disregard. In addition to calculating the amount of the monetary penalty, the inspector must determine whether the violation constitutes an "unwarrantable failure" to comply with the regulations. Section 814(d) of Title 30, United States Code, provides that certain violations that involve an "unwarrantable failure" trigger a ninety-day probationary period. *See RAG Cumberland Res. LP v. FMSHRC,* 272 F.3d 590, 592 (D.C.Cir. 2001) (describing the " 'chain' of increasingly severe sanctions" under § 814(d) (citation omitted)). If inspectors find another "unwarrantable failure" to comply with MSHA regulations within that period, the mine operator is required to withdraw all personnel from the affected area of the mine. *Id.*

In this case, the inspectors cited the company for the roof control plan violation and proposed a penalty of $23,229, which reflected a finding of "high negligence." The proposed penalty also contained findings of an "unwarrantable failure" and other facts that triggered probationary sanctions under § 814(d). Excel gave timely

notice that it would contest the citation and penalty. A hearing before an administrative law judge followed. *See* 30 U.S.C. § 823(d)(1). In a January 5, 2012, order, the ALJ concluded that the violation had occurred, but he revised the negligence finding from "high negligence" to "moderate negligence." Consequently, he assessed a penalty against Excel of $6,997, instead of $23,229. He preserved the finding of an "unwarrantable failure" and the associated § 814(d) sanctions. The Commission declined to review the ALJ's decision, rendering it final. *See* 30 U.S.C. § 823(d)(1). Excel petitioned this court for review pursuant to 30 U.S.C. § 816(a), challenging only the finding of an "unwarrantable failure."

We review the legal conclusions of the ALJ de novo and his findings of fact for substantial evidence. *Sec'y of Labor v. Keystone Coal Mining Corp.,* 151 F.3d 1096, 1099 (D.C.Cir.1998). The Secretary's interpretation of an ambiguous provision of the Federal Mine Safety and Health Act is entitled to deference so long as it is reasonable. *Sec'y of Labor v. Excel Mining, LLC,* 334 F.3d 1, 6 (D.C.Cir.2003). We must also defer to the Secretary's interpretation of a MSHA regulation "unless it is plainly erroneous or inconsistent with the regulation." *Id.* (internal quotation marks omitted). We defer to the Commission's reasonable interpretations of the Mine Act and MSHA regulations, as well, so long as they are not inconsistent with the Secretary's view. *See id.; Energy West Mining Co. v. FMSHRC,* 111 F.3d 900, 903 (D.C.Cir.1997).

The Commission defines an "unwarrantable failure" as "aggravated conduct[ ] constituting more than ordinary negligence." *Emery Mining Corp.,* 9 FMSHRC 1997, 2004 (1987). An ALJ must look at "all the facts and circumstances of each case" to determine if the violation was so aggravat-ed as to constitute an "unwarrantable failure." *Consolidation Coal Co.,* 23 FMSHRC 588, 593 (2001). As the Secretary points out, there is ample support in the record for the ALJ's finding of aggravated conduct: the roof control plan violation was extensive and obvious; the company had been cited for the same violation eleven days before the inspection and warned that repeated violations would result in heightened sanctions; and the safety implications were grave. *Excel Mining, LLC,* 34 FMSHRC 99, 117 (2012); *see Consolidation Coal Co.,* 23 FMSHRC at 593 (listing types of aggravating factors).

Excel does not dispute the existence of aggravating circumstances but argues that the ALJ's finding of only "moderate negligence" for the purposes of the monetary penalty calculation precludes his finding of an "unwarrantable failure" under § 814(d) because a finding of an "unwarrantable failure" requires "more than ordinary negligence." But the Commission has consistently held that the analysis for calculating monetary penalties is distinct from the analysis for an "unwarrantable failure," and that none of the § 100.3(d) negligence terms should be treated as synonymous with an "unwarrantable failure." *See, e.g., Black Diamond Coal Mining Co.,* 7 FMSHRC 1117, 1122 (1985) ("Although the same or similar factual circumstances may be included in the Commission's consideration of unwarrantable failure and negligence, the issues are distinct."). Consequently, just as a finding of "high negligence" does not *necessarily* compel a finding of an "unwarrantable failure," *see E. Associated Coal Corp.,* 13 FMSHRC 178, 186–87 (1991), a finding of "moderate negligence" does not foreclose a finding of an "unwarrantable failure."

Excel Mining has not shown that this interpretation of the relationship between the regulations governing penalty calcula-

tions and the statutory term "unwarrantable failure" is unreasonable. In fact, it is eminently reasonable for the Commission to divorce these two inquiries. The monetary penalty-related negligence inquiry turns on the existence of mitigating circumstances: a single mitigating circumstance compels a finding of "moderate negligence." *See* 30 C.F.R. § 100.3(d). Thus, in this case, the regulations required the ALJ to adjust the negligence finding to "moderate negligence" because he found a single mitigating circumstance: that Excel had moved mining equipment out of one of the areas of the mine that had been made unsafe by Excel's failure to comply with its roof control plan. *Excel Mining, LLC*, 34 FMSHRC 9, 114 (2012). But that finding need not also preclude the separate, forward-looking decision to impose heightened oversight under § 814(d) when the record shows that aggravating factors predominate.

Because we do not find that the ALJ's decision, as adopted by the Commission, was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, 5 U.S.C. § 706(2)(A), we deny the petition for review in case number 12–1138.

Several months after the ALJ released the January 5 order at issue in this peti-tion, the ALJ discovered that he made a procedural error in approving the settlement between the Secretary and Excel of nineteen related citations. On June 4, 2012, he released a second order properly approving the settlement. Because these nineteen citations were part of the same contest proceeding as the citation Excel challenges, out of an abundance of caution, Excel filed a second petition for review of the June 4 order. That second petition also challenged only the "unwarrantable failure" finding in the original January 5 decision. We dismiss the second petition, numbered 12–1308, as duplicative. *See Associated Gas Distribs. v. FERC*, 738 F.2d 1388, 1392 (D.C.Cir.1984).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.